**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **GREG M. BOGACZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22 C 1427** |
| | ) | |
| **TORRENCE GRESHAM-TROTTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Greg Bogacz filed a *pro se* lawsuit against a number of defendants under 42 U.S.C. § 1983. Mr. Bogacz alleged that while incarcerated at the Cook County Jail in February 2018, he slipped and fell while climbing down from an upper bunk and injured his back. He alleged that he suffered chronic back pain as a result throughout the rest of his time at the Jail. He was prescribed Naproxen and/or ibuprofen to relieve his pain. In April 2019, Mr. Bogacz alleged, he was attacked by another inmate, fell, and hit his head on the floor. Following this incident he begam to suffer severe and chronic headaches. He was prescribed medication for this condition as well.

Mr. Bogacz's operative complaint is his amended complaint, which he was granted leave to file in May 2023. In the amended complaint, Mr. Bogacz asserts claims of inadequate medical treatment for the period starting in March 2020. In the Court's May 22, 2023 order granting Mr. Bogacz leave to file the amended complaint, the Court summarized his claims as follows:

On March 5, 2020, Plaintiff submitted a medical request slip requesting treatment for his chronic back pain, which was affecting his mobility and sleep.  The next day, Plaintiff was seen by Nurse Torrence Gresham-Trotter.  He told Nurse Gresham-Trotter that he was experiencing chronic back pain and needed a refill of his prescriptions for Ibuprofen (for back pain), Excedrin (for migraines) and Clindamycin swabs (a topical antibiotic Plaintiff apparently was using on his face).  Nurse Gresham-Trotter told Plaintiff that the prescriptions had expired and needed to be reviewed by a doctor in order for Plaintiff to receive refills.  Plaintiff says that Nurse Gresham-Trotter said he would confer with a doctor and Plaintiff would receive his refills within a week.  Between March 16 and March 23, 2020, after not receiving his medication, Plaintiff began submitting medical request slips requesting refills of the Excedrin, Ibuprofen, and Clindamycin swabs.  Shortly thereafter, Plaintiff spoke to an unidentified nurse who told him that the jail had "stopped doing medical request slips," so it was possible that his request never went through.  The nurse referred Plaintiff to posted sign-up sheets for nurse/doctor appointments and medication refills.  The next day, Plaintiff put his name and identification number on the sign-up sheets for both the nurse/doctor phone appointment and medication refills.  On April 17, 2020, Plaintiff was moved to Division 6.  He still had not received his medication refills or had a phone appointment with a doctor or nurse, so he put his name on the sign-up sheets in his new living unit.

On April 27, 2020, Plaintiff filed a grievance about having not received refills of his prescription medications.  On May 15, 2020, Physician's Assistant Davis put in an order for a refill of Plaintiff's Excedrin prescription for his ocular migraines.  That same date, Dr. De Funiak put in an order for a refill of Plaintiff's Ibuprofen for Plaintiff's chronic back pain.  Plaintiff received these prescriptions on May 17, 2020, 72 days after his first request.  Plaintiff says that Susan Shebel responded to his grievance on June 24, 2020 but does not detail her response.  Shebel denied Plaintiff's appeal on Aug. 18, 2020.

Plaintiff alleges that from March 6, 2020, to May 17, 2020 he was in extreme pain and suffered from severe ocular migraines two to three times a week.  He alleges that during this time he also suffered chronic back pain that limited his mobility, prevented him sleeping at night, and caused him severe pain.  He contends this pain was exacerbated by 30-minute cell checks during which officers shone a flashlight into his eyes.

Order of May 22, 2023 (dkt. 31) at 2-3.

In the amended complaint, Mr. Bogacz named as defendants nurse Gresham-Trotter, physician assistant David, Dr. De Funiak, and Ms. Shebel.  The Court, after

reviewing the complaint pursuant to 28 U.S.C. § 1915A, dismissed Mr. Bogacz's claims against the latter three defendants for failure to state a claim and allowed him to proceed only against Mr. Gresham-Trotter.  In the same order, the Court recruited an attorney to represent Mr. Bogacz.  The Court thanks recruited counsel, Shanita Straw, for her diligent work on Mr. Bogacz's behalf.

Mr. Gresham-Trotter has moved for summary judgment, alleging that Mr. Bogacz failed to satisfy the exhaustion-of-administrative-remedies requirement of the Prison Litigation Reform Act with respect to his claim against Mr. Gresham-Trotter.  Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  An incarcerated person must properly use the institution's grievance process, and if he fails to do so prior to filing suit his claim must be dismissed.  *See, e.g., Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("unexhausted claims cannot be brought in court").  As relevant here, the Jail's grievance process requires an inmate to provide the date, time, and location of the incident the inmate is grieving, as well as the name or identifying information of the accused person.

Mr. Bogacz's claim in this case arises from actions or inactions by Mr. Gresham-Trotter, a nurse in the Jail's medical unit, resulting from an encounter they had on March 6, 2020.  Mr. Bogacz alleges the following in his amended complaint:

> On 3/6/2020, I was seen by "Gresham-Trotter RN, Torrence A" and spoke
> to him about my chronic back pain issue I was experiencing.  I also told
> him I need a refill on my prescriptions of Ibuprofen 400 mg (for my chronic
> back pain), Excedrin (for my severe ocular migraines), and Clindamycin
> (for my face).  I told him I need refills for these prescriptions because they
> just ran out and I didn't have anymore [sic].  He told me that all of these

3

> prescriptions expired and needed to be renewed by a doctor in order for
> me to [receive] my refills. There was no doctor at that particular time, so
> he assured me he would confer with a doctor for me about the renewal of
> my prescribed meds, [and] that I would get my refills within a week.

Am. Compl. (dkt. 32) ¶ 14. Mr. Bogacz says that between March 16 and March 23, after

still not receiving his medications, he submitted a medical request slip requesting refills.

He spoke with a different nurse (referenced only as "Jane Doe") later in March and told

her about the problem. This nurse, Mr. Bogacz says, advised him that this was "around

the time they stopped doing medical request slips, so it is possible that my request

never went through." (The Court notes that this was just as the COVID-19 pandemic

was reaching its early peak.) This nurse advised Mr. Bogacz to put his name on

recently-established "sign-up sheets" for prescription renewals. Mr. Bogacz says he did

so the next day. But as of April 17, when he was moved to a different division of the

Jail, he still had not received his refills. He signed up again in the new unit.

On April 27, Mr. Bogacz alleges, he filed a grievance about not getting his refills.

Orders were put in for refills of the ibuprofen and Excedrin on May 15, and he received

the medications two days later, on May 17.

In his summary judgment motion, Mr. Gresham-Trotter says that Mr. Bogacz

failed to exhaust his claim because he made no reference to Mr. Gresham-Trotter or his

conduct in the one and only grievance he filed regarding the denial of his medications.

That grievance, referenced in Mr. Bogacz's complaint and included in Mr. Gresham-

Trotter's summary judgment motion, was submitted by Mr. Bogacz on April 27, 2020. Its

narrative section reads as follows:

> The last full week of March I dropped a medical request slip for a refill on
> my medications of exedrin [sic], ibuprofen 600 mg, and clindamycin
> swabs. The first week of April I asked the med cart lady whats [sic] going

4

> on with my refills I requested and she told me they stopped going medical request slips right now.  So I signed my name on the sign up sheet for a non-emergency doctor phone app. for refills in Div. 10-2B.  I still haven't received [sic] any refills, seen a nurse or doctor, or had any phone app. set up to speak with a nurse or doctor about a refill on my meds, and because of this I have been in pain and suffering.

Def.'s Ex. A.

The fact that Mr. Bogacz did not identify Mr. Gresham-Trotter by name is not necessarily crucial.  Imprisoned persons can't always be expected to know the names of medical or correctional personnel they encounter only briefly and intermittently.  But the grievance has to at least involve the same conduct that is at issue in the lawsuit.  *See, e.g., Bowers v. Dart*, 1 F.4th 513, 518 (7th Cir. 2021) (grievance regarding failure to protect inmate during an attack did not exhaust claim of failure to protect him prior to the attack).  In this case, it is apparent from the face of Mr. Bogacz's April 27 grievance that it doesn't involve the alleged inaction by Mr. Gresham-Trotter that Mr. Bogacz alleges in this lawsuit.  According to Mr. Bogacz's complaint filed in this case (quoted earlier), he saw and spoke with Mr. Gresham-Trotter about getting prescription refills on March 6, 2020.  The April 27 grievance, however, involves health personnel's non-response to a medical request slip that he submitted *the last full week of March* and a conversation he had with "the med cart lady" *the first week of April.*  It doesn't concern (and doesn't mention) his interaction with Mr. Gresham-Trotter on March 6 or Mr. Gresham-Trotter's claimed failure to follow up.  In short, the April 27 grievance is insufficient to exhaust the claim that Mr. Bogacz has asserted against Mr. Gresham-Trotter in this lawsuit.

The April 27 grievance is the only grievance by Mr. Bogacz that is found in the record regarding denial of medications in the early part of 2020.  He contends (citing an April 30 grievance in support) that grievances were not regularly being collected in or

about April 2020.  *See* Pl.'s Ex. D (Apr. 30, 2020 grievance).  But Mr. Bogacz does not tie that to anything having to do with the conduct at issue in this case.  He does not claim, for example, that he actually prepared or submitted a grievance regarding Mr. Gresham-Trotter's inaction but that Jail personnel did not pick it up, lost it, or did not respond.

In his response to the motion for summary judgment, Mr. Bogacz also cites a health service request form that Mr. Gresham-Trotter entered into the Jail's computer system on March 6, 2020, stating, "will confer with the prover about pt's request for Rx renewal . . . ."  Pl.'s Ex. D.  But a health service request form is not a grievance.  In particular, Mr. Gresham-Trotter's submission of this form did not put the Jail on notice of any inaction on his part (quite the contrary), and it did not in any way suggest a failure to follow up—which is the gist of what Mr. Bogacz alleges in this lawsuit.  Mr. Gresham-Trotter's submission of this form did not satisfy Mr. Bogacz's obligation to exhaust the Jail's grievance process.

## Conclusion

For the reasons stated above, the Court finds that plaintiff failed to satisfy the PLRA's exhaustion requirement.  The Court therefore grants defendant's motion for summary judgment [61].  The Clerk is directed to enter judgment stating:  This case is dismissed without prejudice for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act.

Date:  August 20, 2024

MATTHEW F. KENNELLY
United States District Judge

6